The Chief Justice
delivered the opinion of the court*
Carpenter and Sanders entered into articles with Crow, whereby they bound themselves to do for him the carpenter’s and joiner’s work of a house; and Crow, on his part, covenanted to pay them $500 as soon as the work was done. On this covenant, Carpenter and Sanders brought an action of covenant, and averred, that after they had performed a considerable part of the work, Crow refused to let and permit them to proceed to complete tbe work, and alledged a breach of his covenant in the non-payment of the $500.
In this action Carpenter and Sanders obtained a verdict and judgment for $300, and Crow having removed from the state, recovered a judgment for that sum against Hack-ley, as his special bail. To stay proceedings upon that judgment, Grow and Hackley filed their bill in chancery, with injunction, alledging, as the ground of their equity, that after Carpenter and' Sanders h§d done part of the work, they having found the contract to he a disadvantageous one, and it being incovenient to Crow for them ⅜⅞ proceed, it was mutually agreed that they should desist from the farther prosecution of the work, and that he should pay them for what they had done, and that he haj paid them 158 17 7.
The answer on the part of the defendants, denies that it was by agreement, that they quit the work; on the contrary, they alfedge that they were compelled to do so by Crow, and they rely that his defence on this ground, if he had any, was at law. The payment of the Z58 17 7, they do. not admit, but they insist that Crow had. a credit for more than that amount allowed him by the jury on the trial at law.
On a final hearing, the injunction was made perpetual *156 by the decree of the circuit court, and Carpenter and San-^ers have appealed t0 this court. '' '
Hardm, Wicldiffe and B. Hardin for appellants, Bibb and Littell fov appellees,
Chanc’ry will gr’VdsTvhich would have been a
pltf’s rig-huo recover is de-act to be°nan formed 6 pre viously, he must shew a or* andado’ quate excuse for excuse is tra-versabie.
omHürr^to traverse such matter,, is an implied ad-facnbywhich he is conciu-ded. _
Whhha jury has pas’d will pot be tv — vd^ai?"1' IS, Keith’vs" Humphries, íoner^rig & the autiisr-jties there ci-fed-
It is clear that Crow’s defence should have been riiade at law, and that he cannot be relieved in a court of equity. R was n0<; R'ue that he had refused to let Carpenter,and Sanders proceed to complete the work, he might have Ira-tlie allegation in the declaration to that effect, and thereby have defeated their recovery. For as the perform-anee of the covenantor) his part to pay for the work, was by the terms'of the contract, dependent upori the covenant on ^je*r Parti0 *1° the work, to entitle themselves to recover’ R was necessary to alledge, either that they had performed the work, or shew some excuse for not having performed it. Rut not having performed the work, they aver-!eL‘ as an excuse for its non-performance, the refusal of Crow to permit'them to complete it. Such a refusal was, doubt, & sufficient excuse; and the averment thereof therefore, a traversable allegation, and if it bad been traversed, they must have proved it to be true, before they Could have been entitled to a verdict. Crow’s failure to ^averse R the suit-at law, can certainly not entitle him tb the aid of a court of equity. For whether Carpenter and-Sanders were compelled to quit the' work by the rei'u¿al 0f Crow to let them proceed, was a mere question of ^act’ to r,'hRh the weré the legal and constitutional tribunal to respond. His failure to' traverse the refusal was, therefore, an implied admission of the fact, by which 1)6 bu§'llt to be-forever concluded. • • ',
As to the payment of the ZS8-17 7, it is sufficient to re-thaf h* -pifiad it bv way of set-off at law, and it is aPPareni, R°m the amount of the verdict, the jury must have allowed him a credit at least for that amount. !
The decree mus; be reversed with cost, and the cause re-msn£tech that the hi!! may be dismissed with cost.